# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN OMAR HARPER,**

    Plaintiff,

  v.                                                                Case No. 20-CV-493

**MICHAEL GIESE, et al.,**

    Defendants.

## SCREENING ORDER

Plaintiff Kevin Omar Harper, an inmate confined at Wisconsin Secure Program Facility, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights while he was incarcerated at the Waukesha County Jail. This order resolves Harper's motions for leave to proceed without prepaying the filing fee and screens his complaint.

**1. Motions for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Harper was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 29, 2020, the court ordered Harper to pay an initial partial filing fee of $1.31. (ECF No. 9.) About a week later, Harper responded to the order, informing the court that he was unable to pay the fee. (ECF No. 10.) He states that he does not have $1.31 in his regular account or in his release account. The trust account statement Harper filed on March 31, 2020, confirms his assertions. According to that statement, which states the balances in Harper's regular and release accounts as of March 27, 2020, Harper had an end balance of $0.00 in his regular account and an end balance of $0.99 in his release account. The court will waive Harper's obligation to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

The court will grant Harper's motions for leave to proceed without prepaying the filing fee. He must pay the $350 filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

However, before substantively screening Harper's complaint, there are procedural rules the court must ensure he has complied with. Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may not assert unrelated claims against

2

different defendants or sets of defendants in the same lawsuit. That is, a plaintiff may not join multiple defendants into a single case unless the plaintiff asserts at least one claim to relief against all the defendants that arises out of the same incident or event or series of incidents and events. *Williams v. Adams*, No. 19-C-1174, ECF No. 18 at 3 (E.D. Wis. Oct. 15, 2019)[1] (citing at length *Balli v. Wisconsin Dept. of Corr.*, No. 10-CV-67-BBC, 2010 WL 924886, at *1 (W.D. Wis. Mar. 9, 2010)) (unpublished decision). Although under Rule 18 of the Federal Rules of Civil Procedure a plaintiff may join unrelated claims against different defendants, he may do so "only after the requirements for joinder of parties have been satisfied under Rule 20 . . . ." *Williams*, No. 19-C-1174, ECF No. 18 at 3 (citations omitted).

Taking Rules 18 and 20 together, a plaintiff must determine under Rule 20 which defendants he wants to sue *before* he may join unrelated claims against one or more of those defendants under Rule 18. *Williams*, No. 19-C-1174, ECF No. 18 at 3 (citations omitted). This means that, under Rule 18, a party cannot join claims against a defendant outside the group identified under Rule 20. *Id.*

Harper's complaint violates both Rules 18 and 20. He sues nineteen named defendants and an undetermined number of John and Jane Doe defendants for claims arising in connection with his placement in segregation, alleged racial discrimination, alleged confiscation of his mail, alleged improper seizure of news publications, alleged denial of his religious rights, and alleged unconstitutional conditions of confinement.

---

[1] This decision is not available on Westlaw. For Harper's convenience, the court will enclose a copy of the decision with this order.

There are a handful of defendants (Michael Giese, Angela Wallenhaupt and Brenda Greenwald) who are involved in all of the incidents and events alleged in Harper's complaint. Under Rule 20, these individuals are properly joined in the same lawsuit. However, there are many other defendants who are involved in only one or a couple of these alleged incidents and events. Under Rule 18, Harper cannot join claims against these other defendants in the same lawsuit.

In light of Rules 18 and 20, Harper may choose to sue the properly joined defendants (Michael Giese, Angela Wallenhaupt and Brenda Greenwald) and include as many different claims against them as he would like. Or, Harper may choose a single incident or event (for example, his placement in segregation) and sue the individuals who were involved in that particular incident or event (that is, Giese, Wallenhaupt, Greenwald, Lewandowski, Gabor, Shallow, Stefonek, and John Does). If Harper wants to sue all the individuals based on the unrelated incidents and events that he describes in his complaint, he must file a separate complaint for each incident or event. He cannot pursue all these claims against all these defendants in a single lawsuit.

With complaints such as this one, the Court of Appeals for the Seventh Circuit has instructed courts to reject a plaintiff's complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). Before the court does that, it will give Harper an opportunity to choose how he would like to proceed. Harper may file an amended complaint that complies with Rules 18 and 20. If Harper

4

does not file an amended complaint by the deadline, the court will dismiss all defendants other than Michael Giese, Angela Wallenhaupt and Brenda Greenwald as improperly joined. *See* Fed. R. Civ. P. 21. The court will then screen Harper's complaint against Giese, Wallenhaupt and Greenwald as required by 28 U.S.C. § 1915A.

The court is enclosing a copy of its complaint form and instructions. Harper must list all defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring. If the space is not enough, Harper may use up to five additional sheets of paper. The amended complaint will take the place of the prior complaint, so it must be complete without reference to or reliance on his prior complaint.

**3. Conclusion**

**THEREFORE, IT IS ORDERED** that Harper's motions for leave to proceed without prepaying the filing fee (ECF Nos. 2, 7) are **GRANTED**.

**IT IS FURTHER ORDERED** that Harper may file an amended complaint that complies with the instructions in this order on or before **June 12, 2020**. If Harper does not file an amended complaint by that date, the court will dismiss the improperly joined defendants and screen Harper's complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Harper shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Harper's prison trust account in an amount equal to 20% of the preceding month's income credited to Harper's trust account and forwarding

5

payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Harper is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Harper is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Harper is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a copy of *Williams v. Adams*, a blank prisoner complaint form and a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Harper may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 11th day of May, 2020.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge