# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN OMAR HARPER**,

    Plaintiff,

v.                                          Case No. 20-CV-493

**MICHAEL GIESE,** *et al.***,**

    Defendants.

## ORDER

Plaintiff Kevin Omar Harper, who is representing himself, filed a motion to compel prison officials to e-file documents (ECF No. 48) and a motion to identify the real names of the John Doe defendants. (ECF No. 49.) This order resolves those motions.

**1. Motion to Compel Prison Officials to E-file Documents (ECF No. 48)**

Harper states that the prison officials who control Green Bay Correctional Institution's (GBCI) e-filing system are "giving him a hard time" when he attempts to e-file documents. (ECF No. 48, ¶ 3.) Specifically, they tell him he files too many documents and have been refusing to file documents for reasons such as writing on both sides of a sheet of paper. (*Id.*, ¶ 4.) Harper requests that the court issue an order directing these officials to e-file his submissions regardless of "how big the words or paper is, the ink color or paper color or whatever pretense they use not to E-file" his submissions. (*Id.* at 2.)

However, federal judges should not intervene in the day-to-day management of prisons. "Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials . . .; federal judges know little about the management of prisons, managerial judgment generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state how to run its prison system." *Scarveu v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006) (citing *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985)). Harper needs to utilize GBCI's grievance system to address his concerns regarding the e-filing system. His motion is denied.

**2. Motion to Identify the John Doe Defendants (ECF No. 49.)**

On December 1, 2020, Chief Judge Pamela Pepper screened Harper's second amended complaint and allowed him to proceed on several claims against John Doe defendants. (ECF No. 16.) Harper was allowed to proceed against "John Doe CO" for performing a strip search solely because Harper is Muslim. (*Id.* at 11.) He was also allowed to proceed against "John Doe Property Officer" and "John Doe Administrative Assistant" on free exercise clause, establishment clause and equal protection clause claims for refusing to let Harper have a Koran in the restricted housing unit. (*Id.* at 12.) But because he did not allege a policy or practice of denying inmates Halal-safe food, Harper was not allowed to proceed on a claim against "John Doe Food Service Provider." (*Id.* at 15.)

On May 3, 2021, Harper filed a motion identifying the real names of the Doe defendants and asking the court to substitute the defendants' real names for the Doe

placeholders. He identifies Mary Novak as the "John Doe Administrative Assistant." (ECF No. 49, ¶ 2.) He identifies C.O. Scott Landess as the "John Doe Property Officer," (*Id.*, ¶ 3), and he identifies Mark Scardino as the "John Doe CO." (*Id.*, ¶ 5.) The court grants Harper's motion to replace the John Doe placeholders with the real names of these defendants.

Additionally, Harper provides the name of the John Doe Food Service Provider, but the court will not substitute that person's real name because Harper was not allowed to proceed on claims against the Food Supervisor and that Doe defendant was dismissed. Harper also attempts to name additional administrative assistant defendants, additional officers involved in the strip search, and additional officers involved in denying him a Koran. The court will not allow him to add these defendants because his second amended complaint names only one John Doe defendant for each of these claims, and the court cannot reasonably infer from the second amended complaint's allegations that additional Doe defendants were involved. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (under §1983 an individual must be personally involved in the alleged constitutional violation).

**IT IS THEREFORE ORDERED** that Harper's motion to compel prison officials to e-file documents (ECF No. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that Harper's motion to replace the John Doe placeholders with the real names of the defendants (ECF No. 49) is **GRANTED**. "John Doe Administrative Assistant" is replaced with Mary Novak. "John Doe Property Officer" is replaced with C.O. Scott Landess, and "John Doe CO" is replaced

3

with Mark Scardino. The clerk's office will update the docket to reflect this replacement.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint, the screening order (ECF No. 16), and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Mary Novak, C.O. Scott Landess, and Mark Scardino. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

Dated in Milwaukee, Wisconsin this 10th day of May, 2021.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge