UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN OMAR HARPER,

                  Plaintiff,

v.                                          Case No. 20-cv-493-pp

PAUL HARDING,

                  Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 78) AND DENYING AS MOOT PLAINTIFF'S MOTION TO ADJOURN DEPOSITION (DKT. NO. 78)**

      The plaintiff has filed a motion to suspend his upcoming deposition pending appointment of counsel for the limited purpose of representing him at the deposition. Dkt. No. 78. The plaintiff states that "he fears that he may be unwittingly ensnared in proving [sic] Defendant Harding information which may incriminate him by implicating [him] in acts that violate U.S. and State criminal laws thereby violating [his] 5th Amendment rights." Id. The plaintiff states that he has written to three lawyers and requested representation but has not received a response. Id.

      In response to the plaintiff's motion, defendant Paul Harding first states that the actual date for which the plaintiff's deposition has been noticed is August 2, 2021 (not August 21, as stated in the plaintiff's motion). Dkt. No. 79 at 1. Next, the defendant asks the court to deny the plaintiff's motion because defense counsel does not seek to examine the plaintiff on matters outside of the allegations in his second amended complaint and his responses to defendant's

1

first set of discovery requests. Id. at 1-2. The defendant states that, specifically, all of defense counsel's questions will focus on the plaintiff's dietary issue(s) and conversations outlined in the operative pleading and discovery responses. Id. at 2.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the

lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff provided the names of three lawyers he contacted trying find representation on his own. He has satisfied the first requirement for appointment of counsel. Turning to the second inquiry, the plaintiff seeks counsel for the limited purpose of his deposition, and he fears that he may

3

incriminate himself based on questions defense counsel may ask him at the deposition. Defense counsel has represented, as an officer of the court, that he will limit the deposition questions to the plaintiff's dietary issue(s) and conversations described in the operative complaint and discovery responses. It is not clear how any answers the plaintiff might give to questions on these topics could subject him to any *criminal* liability. The court also notes that in the very unlikely event that defense counsel asks the plaintiff a question whose answer could subject him to *criminal* liability, the plaintiff may assert the Fifth Amendment. But the court emphasizes that the Fifth Amendment protects individuals only from being forced to say things that might subject them to *criminal* prosecution and *criminal* penalties. If defense counsel asks the plaintiff a question whose answer might harm the plaintiff's *civil* case, he does not have a Fifth Amendment right to refuse to answer that question.

Based on the defendant's description of the narrow focus of the deposition, the court will deny the plaintiff's request for counsel and deny as moot his motion to adjourn the upcoming deposition.

The court **DENIES** the plaintiff's motion to appoint counsel and **DENIES AS MOOT** the plaintiff's motion to adjourn deposition. Dkt. No. 78.

Dated in Milwaukee, Wisconsin this 26th day of July, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

4